**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELAINE MARIE WALKER EARLE,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>UNUM LIFE INSURANCE COMPANY<br>OF AMERICA,<br><br>        Defendant-Appellee,<br><br> and<br><br>GROUP BASIC ACCIDENTAL DEATH<br>AND DISMEMBERMENT PLAN FOR<br>EMPLOYEES OF UNIVERSITY OF<br>SOUTHERN CALIFORNIA; DOES, 1<br>through 10 Inclusive,<br><br>        Defendants. | No.   20-55868<br><br>D.C. No.<br>2:19-cv-02903-JFW-AFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted October 6, 2021
Pasadena, California

Before: GRABER, CHRISTEN, and OWENS, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this action under the Employee Retirement Income Security Act ("ERISA"), Elaine Marie Walker Earle appeals from the district court's judgment concluding that Unum Life Insurance Company of America ("Unum") correctly denied Earle's claim for accidental death and dismemberment ("AD&D") benefits for the loss of sight in her right eye. As the parties are familiar with the facts, we do not recount them here.

"We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases. . . . [and] review for clear error the underlying findings of fact." *Est. of Barton v. ADT Sec. Servs. Pension Plan*, 820 F.3d 1060, 1065 (9th Cir. 2016) (quoting *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc)). We affirm.

Because the exclusionary provision in Unum's AD&D Plan is conspicuous, the district court did not err in applying the "substantial contribution," rather than the "proximate cause," standard. *See McClure v. Life Ins. Co. of N. Am.*, 84 F.3d 1129, 1136 (9th Cir. 1996) (per curiam). Unum uses a table of contents, glossary, "question and answer" format, and capitalized and bold headings and terms to highlight the definition of "accidental bodily injury," where the exclusionary text is located. In addition, the AD&D section of the plan is short, making its terms more conspicuous. Therefore, "substantial contribution" is the correct legal standard.

The district court concluded, as a factual matter, that Earle's preexisting

vitreomacular traction ("VMT") substantially contributed to her vision loss. Specifically, the court found that Earle could have developed a macular hole even without her March 15, 2017 fall, and conversely, that she would not have developed a macular hole without the preexisting VMT. This factual finding is not clearly erroneous. *See Est. of Barton*, 820 F.3d at 1065.

Even assuming, without deciding, that de novo review applied, the district court's conclusion that Earle's preexisting VMT substantially contributed to her vision loss is unaffected.[1]

**AFFIRMED.**

---

[1] Because we resolve this case without reaching the California Settlement Agreement issue, Unum's motion for this court to take judicial notice of the order granting rehearing in *Cox v. Allin Corp. Plan*, 848 F. App'x 343 (9th Cir. 2021) (unpublished), Dkt. No. 40, is denied.